**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| ANDREW COOK, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:24-cv-426 (OAW) |
| v. | ) | |
| | ) | |
| JAMES MASTROIANNI, et al, | ) | |
| Defendants. | ) | |
| | ) | |

## <u>INITIAL REVIEW ORDER</u>

Self-represented Plaintiff Andrew Cook, an unsentenced detainee at Cheshire Correctional Institution, has filed a complaint naming eight defendants, each of whom is a police officer at the Norwich Police Department.  Plaintiff alleges that Defendants violated his constitutional rights by falsely arresting him and by searching his home without a search warrant.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  28 U.S.C. § 1915A(a).  Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b); 1915A(b).

Upon initial but careful review of the complaint pursuant to 28 U.S.C. § 1915A, and for the reasons that follow, the complaint hereby is **DISMISSED**.

1

## I.   <u>FACTUAL BACKGROUND</u>

The court will not set forth all the facts alleged in Plaintiff's complaint, but instead will summarize those relevant allegations necessary to provide context for its ruling.

Plaintiff sues eight police officers for two constitutional violations.  He alleges that Officers Mastroianni and Froehlich arrested him while he was defending his home from drug addicts on February 28, 2021.  *See* Compl. 5, ECF No. 1.  Also, Officer Mastroianni and Detective Meikle conducted an illegal, warrantless search of his bedroom and basement.  *Id.*  He maintains that even after the search warrant was signed, it did not permit a search of the basement.  *See id.*  Multiple officers, including "Liz" (Jane Doe) and Officer Harsley allegedly were involved in the search of his home.  *See id.* at 7. Further, Officers Perry, Harsley, and Jane/John Does 1–3 assisted Officer Mastroianni and Detective Meikle in searching the basement.  *See id.*  Finally, he argues he has been imprisoned for three years due to these unconstitutional searches.  *See id.*

## II.   <u>DISCUSSION</u>

The court construes Plaintiff's complaint as alleging two constitutional claims under the Fourth Amendment: false arrest, and unlawful search of his home.  In so construing, the court finds that each claim is barred by the statute of limitations.  Plaintiff's illegal search claim, specifically, also is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A. **Statute of Limitations**

Plaintiff's claims are barred by the statute of limitations.  Ordinarily, the statute of limitations is an affirmative defense; however, a district court may dismiss a complaint of its own accord if the statute of limitations bars the relief the complaint's allegations seek. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitation defense are set forth in the papers plaintiff himself submitted.'") (quoting *Leonhard v. United States*, 633 F.2d 599, 600 n.11 (2d Cir. 1980)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a district court may dismiss a complaint on initial review based on a defense, such as the statute of limitations, that appears on the face of the complaint).

Plaintiff brings his suit under 42 U.S.C. § 1983.  *See* Compl. 2, ECF No. 1.  In Connecticut, § 1983 claims are governed by the three-year statute of limitations established by § 52-577 of the General Statutes of Connecticut.  *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994).  However, the "accrual date" from which the statute of limitations begins to run (in a § 1983 claim) is a "question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Federal law states that accrual for a § 1983 claim starts "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  *Id.* (internal quotation marks and citations omitted).  Put another way, "accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action."  *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir 2002)).

3

A claim for false arrest accrues at the point that the person is detained, "that being the point at which she could reasonably be presumed to have discovered the facts of her injury." *Davis v. United States*, 430 F. Supp. 2d 67, 74 (D. Conn. 2006) (citing *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).  A claim for an unlawful search accrues at the time of the search.  *See Spencer v. Connecticut*, 560 F.Supp.2d 153, 158–59 (D. Conn. 2008) (holding that "so long as the plaintiff knows or has reason to know of the search, a claim for an illegal search accrues, and a plaintiff has a complete and present cause of action, when the act of searching the property is complete").  Here, both the arrest and the search allegedly occurred on the same day, February 28, 2021, at which point, the statute of limitations for both Fourth Amendment claims began to run.[1]  Therefore, Plaintiff had until February 28, 2024, to raise these claims.  But he filed his complaint on March 25, 2024, approximately one month after the statute of limitations expired.  *See id.*  Accordingly, his claims are untimely.

### B.  Fraudulent Concealment

 "Statutes of limitations are generally subject to equitable tolling where necessary to prevent unfairness to a plaintiff who is not at fault for her lateness in filing." *Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004) (citing *Haekal v. Refco, Inc.,* 198 F.3d 37, 43 (2d Cir.1999)).  "Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence

---

[1] Plaintiff maintains that "some of the further violations occurred on March 01, 2021," but he did not describe in his complaint what those violations are.  Compl. 7, ECF. No. 1.  Moreover, even if further violations occurred on March 1, 2021, they would still be barred by the statute of limitations.

which could reasonably be expected in the circumstances." *Id.* (citing *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

The United States Court of Appeals for the Second Circuit has held that equitable tolling may be appropriate "[w]here defendant is responsible for concealing the existence of plaintiff's cause of action." *Id.* at 23 (citing *Pearl,* 296 F.3d at 80 n. 3). This is often referred to as "fraudulent concealment," but "defendants' conduct need not actually be fraudulent" for the fraudulent concealment doctrine to apply. *Id.* Instead, the "doctrine has been applied . . . where the facts show that the defendant engaged in conduct, *often* itself fraudulent, that concealed from the plaintiff the existence of the cause of action." *Id.* (quoting *Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2d Cir. 1985)). "The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Id.* (citing *Pearl,* 296 F.3d at 82; *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir. 1990).

The Second Circuit recognizes the applicability of fraudulent concealment in the context of § 1983 actions. *See Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995) (quoting *Keating v. Carey*, 706 F.2d 377, 382 (2d Cir.1983)). "When a 'defendant fraudulently conceals the wrong, the [statute of limitations] does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action.'" *Id.* (quoting *Keating*, 706 F.2d at 382). To benefit from it, however, "plaintiffs must present non-conclusory evidence of conspiracy or other fraudulent wrong *which precluded his possibly discovery of the harms that he suffered*." *Id.*

Here, Plaintiff alleges in his complaint that his Fourth Amendment violations "did not come to light from April 2021 to December 2022" because the "State withheld the Affidavit/Warrant (Discovery) for 21 + months attempting to cover up police misconduct." Compl. 6, ECF No. No. 1. But this conclusory statement is insufficient to show fraudulent concealment. *See* 28 U.S.C. § 1915A (instructing the court to dismiss any portion of complaints which "fails to state a claim upon which relief may be granted"); *see also Green v. Martin*, 224 F. Supp. 3d 154, 160 (D. Conn. 2016) (adopting the standard announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for review under 28 U.S.C. § 1915A).

Even if Plaintiff is able to show the prosecution's fraudulent concealment, "the doctrine of fraudulent concealment tolls the statute of limitations *only as to those defendants who committed the concealment*, and plaintiffs may not generally use the fraudulent concealment by one defendant as a means to toll the statute of limitations against other defendants." *Griffin v. McNiff*, 744 F. Supp. 1237, 1256 n.20 (S.D.N.Y. 1990), *aff'd*, 996 F.2d 303 (2d Cir. 1993). Fraudulent concealment by the State of Connecticut—which is not named as a defendant—would not toll the statute of limitations against any of the named defendants, who are all police officers.

In sum, Plaintiff has not raised sufficient allegations to establish that the doctrine of fraudulent concealment tolls his claims.

### C.  *Heck v. Humphrey*

Alternatively, plaintiff's illegal search claim may be barred by the holding of the Supreme Court of the United States in *Heck v. Humphrey*, which states:

6

in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486–87 (1994) (emphasis added).

"Subsequently, the Supreme Court and the Second Circuit 'extended *Heck*'s reach to section 1983 lawsuits brought during pending criminal prosecutions.'"  *Dawson v. Lippiccolo*, 590 F. Supp. 3d 514, 517 (E.D.N.Y. 2022) (finding plaintiff's challenge to his ongoing criminal prosecution based on his claim of an "illegal search" to be barred by *Heck*) (quoting *Smalls v. Collins*, 10 F.4th 117, 137 (2d Cir. 2021)).  As applied to this case, without a "judgment in favor of the plaintiff,"  *Heck*, 512 U.S. at 487, "any illegal search and seizure claims that would render invalid Plaintiff's state court criminal prosecution, conviction, and/or confinement would be barred by *Heck*," *Myers v. Wigdorski*, No. 23-CV-6317-DGL, 2023 WL 10147483, at *3 (W.D.N.Y. Aug. 9, 2023) (citing *Purnell v. Scarglato*, 409 F. Supp. 3d 54, 57 (E.D.N.Y. 2019)).

Plaintiff maintains in his complaint, "This flagrant [Fourth Amendment] violation has caused me to be held in jail for 3 years so far . . . ."  Compl. 7, ECF No. 1.  The Connecticut Department of Correction website seems to confirm that plaintiff has been imprisoned since March 2, 2021, in connection with a "Manufacture of Bombs" offense.  *See*  Connecticut State Department of Correction, *CT Inmate Info*,

7

http://www.ctinmateinfostate.ct.us/detailsupv.asp?id_inmt_num=103713   [https://perma.cc/83YJ-RP9F] (last visited May 23, 2024).[2]   The same website indicates that Plaintiff remains an unsentenced prisoner.  *See id.*  If an illegal search of Plaintiff's home caused his imprisonment for the bomb manufacturing charge, that illegal search "bear[s] [a] relationship to a conviction or sentence that has *not* been so invalidated" such that it is "not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). Thus, Plaintiff's Fourth Amendment illegal search claim is barred by *Heck*.

An illegal search claim barred by *Heck* is not barred by the statute of limitations.[3] "[W]here the viability of the plaintiff''s claim depends on his conviction being invalidated, the statute of limitations begins to run upon the invalidation, not the time of the alleged government misconduct." *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (citing *Heck,* 512 U.S. at 489–90; *Covington v. City of New York,* 171 F.3d 117 (2d Cir. 1999). Therefore, if Plaintiff's illegal search claim "bears a relationship" to his "Manufacture of Bombs" conviction, the statute of limitations for that claim will not begin to run until his conviction is invalidated.  Plaintiff could then re-file his complaint after the conviction is invalidated.  If Plaintiff's conviction is never invalidated, *Heck* bars his claim in perpetuity because "[a] claim for damages bearing [a] relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Heck*, 512 U.S. at 487.

---

[2] The court may "take judicial notice of relevant matters of public record."  *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

[3] Plaintiff's false arrest claim is not barred by *Heck*.  *See Kevilly v. New York*, 410 F. App'x 371, 375 (2d Cir. 2010) (citing *Wallace,* 549 U.S. at 394–95). Therefore, if the "Manufacture of Bombs" conviction were invalidated, Plaintiff could not bring such claim again, as it would be barred by the statute of limitations.

8

**III.** **ORDERS**

For the foregoing reasons, the complaint is dismissed. The Clerk of Court respectfully is directed to enter judgment in favor of the defendants and to close this case. Because the court concludes that Plaintiff's false arrest claim is barred by the statute of limitations, that claim is dismissed with prejudice. Because the court concludes that Plaintiff could re-assert his illegal search claim if his conviction is invalidated, that claim is dismissed without prejudice.

IT IS SO ORDERED at Hartford, Connecticut, this 24th day of May, 2024.

_____/s/_____
Omar A. Williams
United States District Judge

9